**UNITED STATES DISTRICT COURT FOR DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| ANTHONY ACHORONYE, | : |
| Plaintiff, | : |
| v. | : Case No.: PJM 08-CV-3411 |
| PRINCE GEORGE'S COUNTY, MD, | : |
| Defendant. | : |

**MOTION FOR AWARD AND JUDGMENT OF ATTORNEYS' FEES**
**TO PREVAILING PARTY**

NOW COMES the Plaintiff, Anthony Achoronye, by and through his attorneys, Lawrence R. Holzman, Esquire, Timothy F. Maloney, Esquire, Katherine S. Krametbauer, Esquire and Joseph, Greenwald & Laake, P.A., and requests that this Court enter an award of attorneys' fees to the prevailing party in this matter pursuant to the federal Family Medical Leave Act, 29 U.S.C. § 2617(a)(3), and for cause states as follows:

### I.   BACKGROUND

1. The Plaintiff in this matter originally brought suit in Prince George's County Circuit Court seeking injunctive relief for violation of, *inter alia* the federal Family Medical Leave Act.

2. Based on federal question jurisdiction, Prince George's County filed a timely removal notice to the United States District Court for the Southern Division of Maryland.

3. The Complaint in this matter and Motion for Temporary Restraining Order and Injunctive Relief sought, *inter alia* injunctive relief for violation of the Family Medical Leave Act.

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD 20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

4. The Family Medical Leave Act provides that the prevailing party in a suit brought under the Act is entitled to recover attorneys' fees and costs. *See* 29 U.S.C. § 2617(a)(3).

5. On January 12, 2009, the Court held a hearing and ruled in favor of the Plaintiff, and granted the relief sought by the Plaintiff in that the Defendant, Prince George's County, was enjoined from terminating the Plaintiff from his employment with the Prince George's County Police Department in violation of the Family Medical Leave Act.

6. The Plaintiff is the prevailing party in this litigation and is entitled to recover attorneys' fees.

7. The Plaintiff incurred $30,958.28 in attorneys' fees and costs in the prosecution of this matter. *See* Exhibit A, Affidavit of Lawrence R. Holzman, Esq and attached Time and Billing Records

## II. THE PLAINTIFF IS ENTITLED TO RECOVER THE ATTORNEYS FEES AND COSTS INCURRED

8. The Family Medical Leave Act states that "[t]he court in such an action shall… allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C. § 2617(a)(3).).

9. The court has authority to calculate a reasonable lodestar fee when awarding attorneys' fees under the FMLA and looks to several factors to calculate such a fee. *See McDonnell v. Miller Oil Co.,* 134 F.3d 638, 640 (4th Cir. 1998)(citing to 29 U.S.C. § 2617(a)(3) for the awarding of attorneys' fees).

10. Specifically, the court examines the number of hours required, the novelty and difficulty of the questions, the experience and ability of the attorneys involved, and the success achieved by the plaintiff. *Id.*; *see also Martin v. Cavalier Hotel Corp.,* 48 F.3d 1343,

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

1359 (4th Cir. 1995) (citing *Rum Creek Coal Sales v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994)).

11. The attorneys' fees and expenses incurred by the Plaintiff in this matter are fair and reasonable considering the circumstances. The attorneys for Plaintiff are experienced at representing employees in actions against their employers and achieved success for their client.

12. In this matter, the Defendant's strategy of inappropriately challenging the status quo agreement made by the parties with the court and use of unsupportable legal theories directly caused the Plaintiff to unnecessarily expend numerous hours and effort, thus resulting in substantial amounts of attorneys' fees.

13. Thus, the fees in this matter, while already reasonable on their face for having successfully obtained injunctive relief, are demonstrably so given the unreasonable behavior of the Defendant.

**A.    The Defendant's Failure to Abide by Agreement to Maintain Status Quo Caused the Plaintiff To Incur Fees Unnecessarily.**

14. For example, on December 19, 2008, the parties held an on-the-record telephone conference with the court in which the parties agreed that they would maintain the status quo until the Defendant could brief the issues and an evidentiary hearing could be held on January 12, 2009.

15. Instead, the Defendant almost immediately breached that agreement by contacting the Plaintiff directly and advising him that he had been terminated, telling him that he had to turn in his badge, that he would be subject to arrest, and other inappropriate actions. This necessitated, on the eve of the Christmas holidays, the briefing and filing of additional

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

emergency papers bringing the Defendant's conduct to the attention of the court and renewing the Plaintiff's request for an immediate temporary restraining order.

16. Due to this breach in the status quo agreement, the court was required to adjudicate the issue prior to the January 12, 2009 hearing date, despite the prior agreement otherwise.

17. Then, notwithstanding the pendency of the renewed request for emergency relief, and notwithstanding written cautions from counsel, the Defendant persisted in its attempts to intimidate the Plaintiff and to violate the letter and spirit of the *status quo* agreement. The Defendant stated its intention to issue further termination letters, again in violation of the agreement, and once again necessitating additional legal work and additional legal fees being incurred by the Plaintiff.

### B. The Defendant's FMLA Position Had No Good Faith Basis in Law

18. Additionally, the Defendant's entire position related to the federal issue in this case, the Family Medical Leave Act had no good faith basis in the law or fact.

19. The Defendant's position as articulated throughout the proceedings was that it could terminate Officer Achoronye even in the face of a serious medical condition and an FMLA request, so long as it had already made a decision to terminate him before the FMLA requests was received.

20. The problem is that the actual basis for the termination was the existence of the serious medical condition itself. That is, the Defendant purported to declare Officer Achoronye as unfit for duty to physical disability resulting from a stroke. Then, on the basis of that serious medical condition the Defendant intended to terminate him.

**Joseph**
**Greenwald**
**& Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

21. The Defendant went so far as to file papers stating, and to argue in open court, that there was supporting case law for the proposition that it could terminate Officer Achoronye in the face of the FMLA request so long as the termination decision had been made prior to the FMLA request.

22. As was pointed out in open court on January 12, 2009, such a proposition was literally silly. In this case, the basis for the termination was the serious medical condition itself. If it were true that an employer could safely terminate any employee based on a serious medical condition simply by rushing to get a termination notice to the employee before the employee could request FMLA leave, the entire intent and purpose of the FMLA would be frustrated.

23. In fact, during the hearing on the Temporary Restraining Order in this matter, the court checked the Defendant's legal citation as stated in open court that day and found that it was wholly inapplicable and did not support the propositions for which it had been presented. *See* Defendant's Motion to Dismiss 11. In fact, there are cases (one of which was cited by the Defendant) which stand for the proposition that an employer can terminate an employee in the face of an FMLA request, but only if the reason for the termination is *unrelated* to the medical condition. *See e.g. Yashenko v. Harrah's NC Casino Comp., LLC*, 446 F.3d 541, 550-51 (4th Cir. 2006).[1] In other words, an employee cannot trump a termination notice for cause by suddenly requesting leave under the FMLA. That just was not the case in this matter.

### C. Requirement for Medical Testimony required additional Expense

24. During the initial telephone call in this matter, the Parties agreed to maintain the *status quo* and the court indicated that it wanted to hear testimony on the medical issues.

---

[1] This case was actually cited in Defendant's Motion to Dismiss.

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

25. As a result, it was reasonable for the Plaintiff to incur expense to bring his treating physician, Dr. Robert J. Wityk, to the court to provide testimony and to prepare him for his appearance in court.

26. Dr. Robert J. Wityk is an Associate Professor of Neurology and Medicine at Johns Hopkins School of Medicine and the Co-Director of the Cerebrovascular Division in the Department of Neurology at Johns Hopkins Hospital.

**D.   Fees and Expenses in this Matter are Reasonable**

27. Attorneys' fees and expenses incurred in this case are reasonable under the circumstances.

28. The hourly rates charged by the attorneys for the Plaintiff are as set forth in the attached Exhibit of Time and Billing Records are reasonable.

29. The results obtained (i.e. obtaining injunctive relief) warrant the award of the attorneys' fees and costs incurred in this matter by the Plaintiff.

30. Application of the lodestar factors should lead this court to grant this motion.

## CONCLUSION

The Plaintiff is entitled pursuant to the law to recover the attorneys' fees expended in this case as it is the prevailing party. The Court should enter an award in favor of the Plaintiff in the amount of $27,600.50 as attorneys' fees and $3,357.78 in costs and should reduce that amount to judgment in favor of the Plaintiff and against the Defendant so that it may be properly enforced.

[SIGNATURE ON NEXT PAGE]

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD 20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

*/s/ Lawrence R. Holzman*
Timothy F. Maloney
Lawrence R. Holzman
Katherine S. Krametbauer
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 (v); (301) 220-1214 (fax)
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2009, the above Motion for Award and Judgment of Attorneys' Fees to Prevailing Party was filed and served via CM/ECF.

*/s/ Lawrence R. Holzman*
Lawrence R. Holzman

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com