**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ANTHONY ACHORONYE . | * |
| Plaintiff, | * |
| vs. | * Case No.: PJM 083411 |
| PRINCE GEORGE'S COUNTY, MD., | * |
| Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES</u>

COMES NOW, Defendant Prince George's County, Maryland, a body corporate and politic ("County") by and through undersigned counsel, in opposition to Plaintiffs' Motion for Attorneys' Fees and Memorandum, states as follows:

1. That on March 9, 2009 Plaintiff filed a Motion for Attorneys Fees with a Memorandum in the instant action based upon the authority of the federal Family Medical Leave Act (FMLA), 29 U.S.C. § 2617(a)(3).

2. That Plaintiff Anthony Achoronye sought to temporarily, preliminarily, and permanently enjoin the defendant from terminating the Plaintiff from his employment and to permit him to use 12 weeks of unpaid leave under the FMLA.

3. That on January 16, 2009 the Court Granted in Part and Denied in Part Plaintiff's application and issued a Temporary Restraining Order; denying Plaintiff's remaining counts without prejudice.

4. That Local Rule 109.2 (a) requires that "[a]ny motion requesting the award of attorney's fees must be filed within *fourteen days* of the entry of judgment… Non-compliance with these time limits

shall be deemed to be a waiver of any claim for attorney's fees." (emphasis added). Judgment in this case was entered on January 16, 2009 when the court issued the temporary protective order. Plaintiff did not file his request for attorney's fees until March 9, 2009; fifty-two days after the entry of judgment. Therefore, pursuant to Local Rule 109.2 (a), plaintiff's motion for attorney's fees is untimely and is "deemed to be a waiver of any claim for attorney's fees." *Id.*.

     5. Furthermore, Plaintiff's motion for attorney's fees is predicated upon the federal Family Medical Leave Act, 29 U.S.C. § 2617(a)(3). That section provides that "[t]he court in [a civil] action [based on alleged violations of the Family Medical leave act] shall, *in addition to any judgment awarded to the plaintiff,* allow a reasonable attorney's fee." The plain language of that section makes clear that the only time attorney's fees may be allowed under this section is when there has been a hearing on the merits *and* a judgment. Since this case involves only a *temporary* protective order and no final determination has been made, nor has a judgment been entered after a trial on the merits, plaintiff's motion for attorney's fees must be denied as there is no provision under the law to support the award of attorney's fees.

     The District Court for the Eastern District of Virginia reached the same conclusion when it decided the case of <u>Dawson v. Leewood Nursing Home</u>, 14 F.Supp. 2d 828 (1998). In that case, the court analyzed the plaintiff's request for attorney's fees under the FMLA and concluded that *even though the plaintiff was able to establish violations of the FMLA*, since she was not able to prove actual damages, she was not entitled to a "reasonable attorney's fee."

     In discussing the plain language of the FMLA, § 2617(a)(3), the section at issue in the instant case, the court went on to say:

> [t]his language makes it clear that the FMLA requires that attorneys' fees be awarded when a violation of the Act is established, *but only in addition to a judgment* (emphasis added)

*Id.* at 834 (citing as support for this analysis, McDonnell v. Miller Oil Co., 134 F.3d 638 (4th Cir. 1998)).

Other courts have found the holding in Dawson persuasive and have held that attorney's fees may not be recovered under the FMLA until there has been a trial on the merits finding a violation of the FMLA and actual damages. See, *e.g.*, Bond v. Abbott, 1999 U.S. App. LEXIS 22242 (Plaintiff must first establish a violation of FMLA and actual damages for the court to consider attorney's fees).

In addition, there is a long list of cases holding that *none* of the damages provided for under the FMLA may be recovered unless there is first a finding of actual damages as a result of a violation and a judgment.  See, *e.g.*, Bond, 1999 U.S. App. LEXIS 22242, Carroll v. Potter, 2007 U.S. Dist. LEXIS 82737, Harbuck v. Briggs, 2006 U.S. Dist. LEXIS 53092, Bordeau v. Saginaw Control & Eng'G, Inc., 446 F. Supp.2d 766.

In the instant case, there has been no trial on the merits and absolutely no showing of actual damages as required under the clear language of the FMLA.  Without these predicates, the plaintiff's motion for attorney's fees and any other costs is without merit and lacks legal support under the FMLA.

6.  That although plaintiff insists that he is entitled to attorney's fees and costs, arguing that he was the "prevailing party", there is no provision in the FMLA with respect to fee-shifting for a "prevailing party."  While a number of federal statutes "contain an express reference to the term '*prevailing* party,' the fee-shifting provision of the FMLA *does not*." (emphasis added) Bond, at 10.  Even assuming that plaintiff was a "prevailing party", although the majority of

plaintiff's original complaint was dismissed and therefore the extent to which he "prevailed" is debatable, he is not entitled to attorney's fees or costs under the FMLA.

7. Therefore, based on the aforegoing analysis, Defendant respectfully requests that this Honorable Court Deny Plaintiff's Motion for Attorney's Fees.

Respectfully submitted,

**Stephanie P. Anderson**
**County Attorney**

**Mary C. Crawford**
**Deputy County Attorney**

_____/s/_____
**Jonathon R. Church**
Maryland Federal Bar No. 27084
Associate County Attorney
14741 Governor Oden Bowie Drive
Upper Marlboro, Maryland 20772
(301) 952-4124 voice
(301) 952-3071 fax
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this **7th April 2009**, this Opposition to Motion for Attorneys' Fees was e-filed, and thereby served on all parties, as per the Electronic Filing Requirements and Procedures of the U.S. District Court for the District of Maryland (II)(G).

_____/s/_____
**Jonathon R. Church**