**UNITED STATES DISTRICT COURT FOR DISTRICT OF MARYLAND**
**(Southern Division)**

ANTHONY ACHORONYE, :
:
    Plaintiff, :
:
v. : Case No.: PJM 08-CV-3411
:
PRINCE GEORGE'S COUNTY, MD, :
:
    Defendant. :
:

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff, Anthony Achoronye, by and through his undersigned attorneys, hereby responds to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and states as follows:

**BACKGROUND**

The Plaintiff in this matter prevailed completely in this Court on the only federal issue presented; that is, obtaining an injunctive order that would enjoin his employer from terminating him in violation of the Family Medical Leave Act ("FMLA"). This Court enjoined Prince George's County from terminating Officer Achoronye until such time as his leave under the Family Medical Leave Act expired, and fashioned that relief in the form of an order that would dispose of all matters in this Court automatically upon the termination of the FMLA period. The final order in this case automatically dismissed the matter upon the expiration of Officer Achoronye's protected status under the FMLA. Within 10 days after that date, Officer Achoronye filed a timely request for attorney's fees because he prevailed in this court.

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

The Defendant's opposition is misplaced because it puts form over substance (arguing that there was no final order), and because it misapplies and misinterprets applicable case law.

## FACTUAL AND PROCEDURAL BACKGROUND

1. The Plaintiff filed a Motion for Attorney's Fees with a Memorandum on March 9, 2009, based on authority of the federal Family Medical Leave Act (FMLA), 29 U.S.C. § 2617(a)(3).

2. The Defendant filed its Opposition to Plaintiff's Motion on April 7, 2009 and argued that Plaintiff did not comply with Local Rule 109.2(a) by filing his motion within the fourteen day time limit and that Plaintiff was not awarded a final judgment, only a temporary one, and therefore his motion should be denied.

3. This Court's Temporary Restraining Order, filed January 16, 2009, in which this Court stated that the Temporary Restraining Order would expire on February 26, 2009 and that at that time this case would be dismissed without prejudice. *See* Order, signed by Judge Messitte, filed January 16, 2009.

4. Plaintiff filed within the appropriate deadline as the entry of judgment was from the date the Temporary Restraining Order expired and judgment was finalized, which was February 26, 2009, as circumscribed by this Court's January 16, 2009 Order. As Plaintiff's Motion for Attorney's Fees was filed on March 9, 2009, and the entry of judgment was when the Temporary Restraining Order expired, on February 26, 2009, Plaintiff's motion was well within the fourteen days requirement of Local Rule 109.2(a).

5. Furthermore, the entry of the Temporary Restraining Order was a final determination of Plaintiff's rights under the Family Medical Leave Act and therefore

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

Plaintiff's judgment was a final and Plaintiff should be awarded attorneys' fees under 29 U.S.C. § 2617(a)(3).

## ANALYSIS

6. The Family Medical Leave Act (FMLA) Section 2617(a)(3) states:

> Fees and costs. The court in such an action shall, in addition to *any judgment* awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant.

29 U.S.C. § 2617(a)(3)(emphasis supplied).

7. Defendant argues that attorney's fees may not be recovered until there has been a trial on the merits and actual damages. Def. Opp. to Plaintiff's Motion for Attorneys' Fees at 3. This is inapposite to the direct language of the statute as the statute states that Plaintiff will be allowed reasonable attorney's fees in addition to "any judgment" awarded. 29 U.S.C. § 2617(a)(3). The statute does *not* state that Plaintiff must have a trial on the merits *or* receive actual damages in order to be allowed attorney's fees.

8. Furthermore, Plaintiff did prevail as he *only* requested that Defendant be temporarily restrained from violating his FMLA rights and this Court granted his requested relief. Upon this Court's granting in part of the Temporary Restraining Order, as only the federal question was being considered, Plaintiff was successful and effectively received a "judgment" for purposes of awarding attorneys' fee, which would be effective automatically according to its own terms upon the expiration of the Temporary Restraining Order. Plaintiff never requested monetary damages and therefore any argument that he had to win actual damages in order for attorney's fees to be granted would deny the intent of Section 2617(a)(3) to act as an enforcement provision such that FMLA rights were protected.

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD 20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

9. Defendant states that Plaintiff should not be awarded attorney's fees because "this case involves only a temporary protective order and no final determination has been made, nor has a judgment been entered after a trial on the merits." Def. Opp. To Plaintiff's Motion for Attorneys' Fees at 2, ¶ 5.

10. In fact, the Plaintiff prevailed in every way possible on the federal question.

11. Defendant relies upon *Dawson v. Leewood Nursing Home*, 14 F. Supp. 2d 828 (E.D. Va. 1998) for the premise that the plaintiff is not entitled to attorney's fees as she was not able to prove actual damages. Def. Opp. to Plaintiff's Motion for Attorneys' Fees at 2, ¶ 5.

12. *Dawson* is not binding authority on this Court and is unpersuasive because here the Plaintiff prevailed and obtained the complete relief that he sought in the complaint. In *Dawson* the plaintiff had been seeking monetary damages.

13. The Fourth Circuit stated that the most "critical factor in calculating a reasonable fee award is the degree of success obtained'" *McDonnell v. Miller Oil Co.,* 134 F.3d 638, 641 (4th Cir. 1998)(citing to *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). In the instant case, Plaintiff reached success by being granted the requested relief from this Court, that Defendant be enjoined from violating his rights under the FMLA.

14. Even if Plaintiff was not completely successful, courts have held that even if a plaintiff is only successful on some of his or her claims, attorneys' fees can still be awarded. *Navarro v. General Nutrition Corp.,* 2004 U.S. Dist. Lexis 24258 (N.D. Cal. Nov. 19, 2004). In *Navarro*, the court held that where the plaintiff succeeded on some claims and obtained less than full relief, the district court should focus on the importance of the overall relief obtained by the plaintiff. *Id.*(citing to *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

15.     Defendant's position regarding the timeliness of the fee petition in this matter is misplaced.  The fee petition was filed within 10 days of the date upon which the order of injunctive relief automatically terminated and this matter was conclusively resolved in this Court.

16.     This is important, because prior to the complete expiration of the protected period and the automatic dismissal of this action, the Plaintiff could well have found itself back in this Court incurring additional fees had the Defendant violated the injunction.  This is not unthinkable, given the fact that this Defendant did commit violations almost immediately after this Court first became involved in the matter in December of 2008 (described in detail in Plaintiff's Renewed Motion for Temporary Restraining Order).

17.     The Defendant's arguments also raise form completely over substance.  The Court in this matter could easily have formulated the relief such that it granted "judgment" and an injunction with exactly and precisely the same terms as were contained in the relief that were granted.

## CONCLUSION

The Plaintiff is entitled pursuant to the law to recover the attorneys' fees expended in this case as it is the prevailing party.  The Court should enter an award in favor of the Plaintiff as Defendant violated Plaintiff's rights under the Family Medical Leave Act and therefore should recover under the enforcement provision of the FMLA as delineated by 29 U.S.C. § 2617(a)(3).

**Joseph
     Greenwald
          & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD  20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com

Respectfully submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

*/s/ Katherine S. Krametbauer*
Timothy F. Maloney (No. 03381)
Lawrence R. Holzman (No. 10751)
Katherine S. Krametbauer (No. 17470)
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200 (v); (301) 220-1214 (fax)
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2009, the above Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Award and Judgment of Attorneys' Fees to Prevailing Party was filed and served via CM/ECF.

*/s/ Katherine S. Krametbauer*
Katherine S. Krametbauer

**Joseph Greenwald & Laake**

Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane • Suite 400
Greenbelt, MD 20770

(301) 220-2200 •Fax 220-1214

www.jgllaw.com