UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**PETER J. MESSITTE**  
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE  
GREENBELT, MARYLAND 20770  
(301) 344-0632

# M E M O R A N D U M

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: *Achoronye v. Prince George's County, MD*  
Civil No. PJM 08-3411

DATE: August 13, 2009

* * * * * * * *

Before the Court is Plaintiff Achoronye's Motion for Attorney Fees [Paper No. 25] and the County's Motion to Strike Reply in Support of Plaintiff's Motion for Attorney Fees [Paper No. 30]. For the following reasons, the Court **DENIES** the County's Motion to Strike and **GRANTS** Achoronye's Motion for Attorney Fees.

### I.

Achoronye brought suit against the County, alleging violations of the Family Medical Leave Act (FMLA).

Achoronye became a police officer with the Prince George's County Police Department in April 2004. He suffered a stroke on August 19, 2008. When he returned to work on November 11, 2008, the Medical Advisory Board began investigating his fitness for duty. The Board ultimately found that he was permanently disabled and on November 25, 2008, based on this finding, the County sent him a Notice of Intent to Separate.

On December 4, 2008, Achoronye contested the Board's finding and made a request for medical leave under the FMLA. His request was denied for the stated reason that the Notice of Intent to Separate was pending.

On December 11, 2008, the County informed Achoronye that his termination date was December 12, 2008. A week later, he filed the instant action seeking, among other things, a temporary restraining order (TRO) enjoining the County from interfering with his right to FMLA leave.

On January 12, 2009, the Court held a hearing on the application for a TRO. On January 16, 2009, it granted Achoronye's application in part and denied it in part.[1] The Court granted the application insofar as it temporarily enjoined the County from impeding Achoronye's right to twelve weeks of FMLA leave, starting from December 4, 2008. The Court also noted that this action would be dismissed without prejudice upon expiration of the TRO (*i.e.* on February 26, 2009) because by then Achoronye would have received the full twelve weeks of FMLA leave he sought.

After the Court entered the TRO, Achoronye filed the instant Motion for Attorney Fees.

## II.

The County's Motion to Strike Reply in Support of Plaintiff's Motion for Attorney Fees [Paper No. 30] is **DENIED**, since the Court wishes to consider Achoronye's position as comprehensively as possible.

## III.

The FMLA provides for the recovery of attorneys' fees as follows:

> The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant.

29 U.S.C. § 2617(a)(3). The parties dispute whether the Court's grant of the TRO constitutes a "judgment" for purposes of the FMLA. The Court finds that it does.

In *Dawson v. Leewood Nursing Home*, 14 F. Supp. 2d 828 (E.D. Va. 1998), the court interpreted the FMLA to require that it "make a reasonable award of attorneys' fees whenever the plaintiff has proven a violation." *Id.* at 834. Outside the FMLA context, courts have held that a determination on the merits, even in the context of an injunction, can justify attorneys' fees. *Cf. Bly v. McLeod*, 605 F.2d 134, 137 (4th Cir. 1979) ("The granting of a temporary restraining order *in the situation presented here* was in no way a determination on the merits and merely preserved the status quo when the plaintiffs might be irreparably harmed if temporary relief were not granted.") (emphasis added); *Lea v. Cone Mills Corp.*, 438 F.2d 86, 88 (4th Cir. 1971) (finding attorney's fees appropriate where plaintiff obtained injunction against unfair employment practices).

It is true, as the County notes, that the *Dawson* court declined to award attorneys' fees at the summary judgment stage because the plaintiff there failed to establish any damages resulting from the alleged FMLA violation. 14 F. Supp. 2d at 834 ("[W]here there is no reasonable likelihood of a judgment being awarded, there can be no basis upon which attorneys' fees are recoverable.").

---

[1] The application was denied insofar as Achoronye sought relief under state law. Accordingly, the TRO granted Achoronye the full *federal* relief to which he was entitled.

But the same is not true for Achoronye. Unlike in *Dawson*, the TRO provided Achoronye with the ultimate relief to which he was entitled (twelve weeks of leave). In effect, it was a determination on the merits in his favor. Had Achoronye not sought anticipatory relief in the form of the TRO, he could have suffered denial of his FMLA request, then returned to Court for a damages award. The TRO simply telescoped his victory.

Accordingly, Achoronye's Motion for Attorney Fees [Paper No. 25] is **GRANTED**. Achoronye is awarded $27,600.50 for reasonable attorneys' fees and $3,357.78 for costs to be paid by the County.

## IV.

All matters before the Court having been resolved and Plaintiff having been granted a TRO and attorneys' fees, the Clerk of the Court shall **CLOSE** this case.

Despite the informal nature of this ruling, it shall constitute an Order of Court and the Clerk of the Court is directed to docket it accordingly.


 /s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**